IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUMBERTO MARTINEZ, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. CIV-09-1023-D |
| GREG WILLIAMS, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Currently before the Court is Petitioner's Motion for Default Judgment and Petitioner's Motion for Order of Protection. The undersigned finds Petitioner's motions to be without merit, and therefore recommends that they be denied.

By this action, Petitioner attacks a prison disciplinary conviction for possession of a cell phone. Petition, 5. Respondent has filed a motion to dismiss the petition for Petitioner's failure to exhaust his available state court remedies. [Doc. No. 9]. Petitioner's response to the motion to dismiss was due on November 3, 2009, but he has failed to respond. Instead, he has filed a motion for default judgment, contending that Respondent has failed to comply with the Court's order requiring a response. Petitioner's Motion for Default Judgment, 1 (citing Doc. No. 6).

When a party against whom an action is brought fails to "plead or otherwise defend," and that failure is shown by affidavit or otherwise, the court clerk must enter the party's default. Fed. R. Civ. P. 55(a). Thereafter, the prevailing party may ask the Court to enter default judgment. See Fed. R. Civ. P. 55(b)(2). Without an entry of default, the Court cannot grant default judgment. See Garrett v. Seymour, No. 06-7029, 217 Fed. Appx. 835, 838 (10th Cir. Feb. 23, 2007) (the clerk's entry of default is a prerequisite for the entry of a default judgment).[1] Here, no default has been entered.[2]

Moreover, the Court's docket shows that the Court Clerk lacks any grounds to enter default. As permitted by the order for response, Respondent filed a motion to dismiss the petition rather than a formal answer. [Doc. Nos. 6, 9]. It appears that Petitioner was simply unaware that a motion to dismiss had been filed, as the Respondent has now filed a notice with the Court showing that a copy of the Respondent's motion to dismiss was hand-delivered to the Petitioner on November 19, as the prison mail logs do not reflect that he received a copy of the one previously mailed to him. Thus, it is assumed that he filed the motion for default believing that Respondent had not responded. In any event, a default has not occurred and it is therefore recommended that Petitioner's motion for default judgment be denied. However, the undersigned will sua sponte grant an extension of time for Petitioner

---

[1] Unpublished decision cited pursuant to Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

[2] Petitioner has attached a request to the Court Clerk for entry of default to his motion for default judgment.

to respond to the pending motion to dismiss.

Petitioner has also filed a "Motion for Order of Protection," in which he requests injunctive relief in the form of an order prohibiting prison officials from destroying his television. Petitioner's Motion for Order of Protection, 2. Petitioner states that the disciplinary conviction which forms the basis for this action has resulted in a decrease in classification level, and that he can no longer possess the television under prison regulations. Id. at 1. He attaches an "OSR Property Notice" dated October 21, 2009, in which he is informed that he must send the television home at his own expense or it will be destroyed in thirty days. Id. at 3. He states that he will be deported upon conclusion of his sentence, that he has no address in the United States, and that he cannot afford to send the television to Mexico.

Great care must be used in the granting of interlocutory injunctive relief because of the extraordinary nature of that remedy. Commercial Security Bank v. Walker Bank & Trust Co., 456 F.2d 1352, 1356 (10th Cir. 1972). As a result, it may only be granted without notice to the adverse parties when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored." 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure 3d § 2952; see also Commercial Security Bank, 456 F.2d at 1356 ("We can only reiterate that Rule 65 must be strictly complied with.") Those safeguards require the movant to show that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition," and certify "in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P.

65(b). In the declaration supporting his motion, Petitioner does not address his efforts to notify Respondent of his motion or provide any reasons for his inability to provide such notice. As a result, it is recommended that the Motion for Order of Protection, construed as a motion for a temporary restraining order, be denied. Commercial Security Bank, 456 F.2d at 1356 (reversing the district court's issuance of a temporary restraining order in part because the court had failed to comply with Fed. R. Civ. P. 65(b)).

To obtain preliminary injunctive relief, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." General Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007). In light of Oklahoma Department of Corrections (ODOC) policy and procedure, Petitioner cannot meet this burden.

First, ODOC procedures appear to except televisions from the rule that excess or unauthorized property must be destroyed if the inmate does not make disposition arrangements. ODOC OP-030120(VI)(B)(1), http://www.doc.state.ok.us/offtech/op030120.pdf (accessed Nov. 19, 2009). Second, the policy regarding excess or unauthorized property appears to allow the inmate to file a grievance regarding his property, and that the property will not be disposed of as long as the grievance is pending. ODOC OP-030120(VII)(B)(5), http://www.doc.state.ok.us/offtech/op030120.pdf (accessed Nov. 19, 2009). Third, ODOC policy allows an inmate to make a claim for lost or damaged property in accordance with

4

Oklahoma law. ODOC OP-030120(VII)(B), http://www.doc.state.ok.us/offtech/op030120.pdf (accessed Nov. 19, 2009). Finally, the undersigned finds that Petitioner has failed to show that the injunction he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. Turner v. Safley, 482 U.S. 78, 84-85 (1987). In Turner, the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

482 U.S. at 84-85. The desired injunction would obviously interfere with prison decisionmaking, and with the prison's apparent efforts to ensure that issues regarding inmate property are handled in an orderly and consistent manner. Under these circumstances, the public interest weighs against the issuance of injunctive relief. In light of the foregoing, it is recommended that Petitioner's Motion for Order of Protection be denied.[3]

---

[3] The undersigned also notes that because the purpose of a preliminary injunction is to preserve the status quo pending litigation of the merits, Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir.1975), it is only appropriately used to grant intermediate relief of the *same character* as that which may be finally granted. De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). Thus, to obtain preliminary injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994); see also Penn, 528 F.2d at 1185 ("The burden is, of course, on the movant to establish his right to such relief. He must do so by clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief."). Here, even if habeas relief were granted, the writ would be directed toward the disciplinary conviction itself, and would neither address nor necessarily change Petitioner's current classification level.

## **RECOMMENDATION**

In light of the foregoing, the undersigned recommends that Petitioner's motions for default judgment and injunctive relief [Doc. Nos. 10, 11] be denied. However, Petitioner is hereby granted an extension of time to respond to the pending motion to dismiss, and his response is due no later than December 14, 2009. Petitioner is advised of the right to object to this Report and Recommendation by December 14, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing objections with the Clerk of Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all matters referred to the undersigned Magistrate Judge.

**ENTERED THIS 23rd day of November, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE