IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HUMBERTO MARTINEZ,            )
                              )
         Petitioner,          )
                              )
vs.                           )   Case No. CIV-09-1023-D
                              )
GREG WILLIAMS,                )
                              )
         Respondent.          )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2241[1] seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Timothy D. DeGiusti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Currently before the Court is Respondent's motion to dismiss. Petitioner has responded, and so the matter is at issue and ready for disposition.

## I. BACKGROUND

By this action, Petitioner attacks a prison disciplinary conviction for possession of a cell phone and cell phone charger. Petition, 5. Petitioner claims that he received a misconduct offense report after a cell phone and charger were found during an April 15, 2009, search of

---

[1] Petitioner has utilized a form designed for use in actions brought under 28 U.S.C. § 2254, but is clearly attacking the execution of his sentence, which is properly brought under 28 U.S.C. § 2241. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (habeas petition challenging the execution of a sentence is properly brought under § 2241); Hamm v. Saffle, 300 F. 3d 1213, 1216 (10th Cir. 2002) (Petitioner's habeas petition challenging prison disciplinary conviction should be construed as a § 2241 petition).

his cell. Petition, 5 and Ex. A, p. 1. He claims that the written offense report, received by him on April 16, 2009, stated that a hearing would be conducted on or before April 27, 2009. Id. He claims that the hearing was not conducted until July 22, 2009, and that prison officials never requested an extension of time. Id. He alleges that officials prepared a second report for the same offense in an attempt to render the hearing timely under Oklahoma Department of Corrections' (ODOC) policies, but he refused to sign it. Petition, 6 and Ex. G, p. 1. The disciplinary hearing report reflects that Petitioner was found guilty based on the incident reports submitted by the officers who found the phone and charger. Petition, Ex. B, p.1. Petitioner received 30 days disciplinary segregation, loss of 365 earned credits,[2] and a decrease to classification level one for 90 days. Id. Petitioner appealed to the facility head, who affirmed the offense conviction. Petition, Ex. C, p. 1-2; Ex. D, p. 1. Petitioner then appealed to the administrative review authority, who concurred with the facility head and affirmed. Petition, Ex. E.

Petitioner offers three grounds in support of his request for federal habeas relief. In Ground One, he claims that the ODOC did not follow its own policies which require a hearing within seven days, not including weekends and holidays, of the date the offender is charged. Petition, 5. In Ground Two, Petitioner alleges that his staff representative was not allowed to read a written statement that had been prepared by Petitioner with the help of other inmates. Petition, 5. He alleges that he "speaks almost no English," and was appointed

---

[2] Respondent states that Petitioner only had 105 earned credits to revoke. Motion to Dismiss, 2 (citing Ex. 1, p. 3).

a staff member who spoke Spanish to serve as an interpreter and representative. Id. In Ground Three, Petitioner alleges that prison officials violated his "due process right to fairness" when they prepared a second, identical misconduct report in an effort to render the hearing timely. Petition, 6.

## II. DISCUSSION

### A. FAILURE TO EXHAUST STATE COURT REMEDIES

In his motion to dismiss, Respondent contends that Petitioner has failed to exhaust his available state court remedies. In particular, Respondent points to Petitioner's failure to file a petition for judicial review under Okla. Stat. tit. 57, § 564.1. That provision allows inmates to "assert that due process was not provided and prove which element of due process, relevant only to a prison administrative disciplinary proceeding, was not provided by the prison staff." Id. at § 564.1(C). The review is limited to a determination as to whether due process was provided by the revoking authority, specifically:

> 1. Whether written notice of the charge was provided to the inmate;
>
> 2. Whether the inmate had a minimum of twenty-four (24) hours to prepare after notice of the charge;
>
> 3. Whether the inmate was provided an opportunity for a hearing by a prison employee not involved in bringing the charge;
>
> 4. Whether the inmate had the opportunity to present relevant documentary evidence;
>
> 5. Whether the inmate had the opportunity to call witnesses when doing so would not be hazardous to institutional safety or burden correctional goals;

> 6. Whether the inmate was provided a written statement as to the evidence relied on and the reasons for the discipline imposed; and
>
> 7. Whether any evidence existed in the record upon which the hearing officer could base a finding of guilt.

Id. at § 564.1(D). Respondent claims that Petitioner's failure to utilize this state court procedure precludes this Court's review. Indeed, the Tenth Circuit Court of Appeals has found that inmates challenging the loss of earned credits on grounds of due process are required to utilize this remedy:

> [W]e can no longer say that Oklahoma prisoners denied the benefit of good behavior credits are categorically excused from exhausting state court remedies before proceeding to federal court on the basis that there is an "absence of available State corrective process." 28 U.S.C. § 2254(b)(1). Likewise, we see no way in which one might conclude that the process afforded by Oklahoma is "ineffective to protect the rights of the applicant" in this case. Id. While Oklahoma's statute does not afford judicial review as to the credibility of witnesses or the weight of the evidence, and limits the forms of relief a court may provide a prisoner, it does demand procedural regularity in ODOC proceedings and specifies that, if the court finds due process lacking, ODOC will be compelled to afford new proceedings compliant with the demands of due process. See Okla. Stat. Ann. tit. 57, § 564.1(E). [The petitioner] has not identified any way in which this statute would have been, if invoked, ineffective to protect his rights. To the contrary, each of the putative errors cited in his petition involve the denial of procedural due process ... and could be remedied by an order commanding ODOC to afford [the petitioner] with additional process.

Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007).

In response, Petitioner concedes that he failed to utilize the remedy provided by Okla. Stat. tit. 57, § 564.1, but argues that § 564.1 is inapplicable to the types of errors he claims occurred: ODOC's failure to follow its own procedures; and denial of the right to substantive

4

due process. Petitioner's Reply, 1. While Respondent's argument appears correct, because Petitioner's allegations show that the federal habeas petition can be denied on the merits, the issue of exhaustion need not be resolved. See Montez, 208 F.3d at 866; see also Carter v. Workman, No. 04-6252, 121 Fed. Appx. 793, 795 (10th Cir. Jan. 27, 2005) (district court properly found the petitioner's claims concerning prison disciplinary conviction were without merit without addressing exhaustion of state remedies).[3]

### B. WHETHER PETITIONER'S CLAIMS ARE COGNIZABLE

In Oklahoma, state law creates a liberty interest in earned credits. See Okla. Stat. tit. 57, § 138(A); see also Waldon v. Evans, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("the State has created a liberty interest in earned credits"). As a result, inmates who earn sentence credits are entitled to due process protection before such credits may be taken away. Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (inmate's liberty interest in earned credits cannot be denied without the minimal safeguards afforded by the Fourteenth Amendment's Due Process Clause). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a

---

[3]This and any other unpublished decision is cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

written statement of the evidence relied on and the reasons for any disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454 (1985). If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. Id. The decision can be upheld even if there is only "meager" evidence supporting the decision. Id. at 457; Mitchell, 80 F.3d at 1445. "Ascertaining whether this [Hill] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56

Petitioner contends that his disciplinary proceeding did not proceed in the time frame contemplated by Oklahoma Department of Corrections' policy, and that he was denied an opportunity to present evidence in the form of his written statement.

### 1. Untimely Hearing (Grounds One and Three)

Petitioner cannot rely on the Department of Corrections' alleged failure to follow its own regulations to establish a violation of his due process rights.

> [N]o reasonable jurist could conclude that [the petitioner's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates...." Although states may create liberty interests protected by due process, "these interests will be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." This case does not present a situation where "a prison regulation or practice offends a fundamental constitutional guarantee...." The process due here under the United States Constitution is measured by the Due Process Clause, not prison

6

regulations.

Brown v. Wyoming Dept. of Corr., 234 Fed.Appx. 874, 878 (10th Cir. May 23, 2007) (citations omitted). Thus, "a failure to adhere to administrative regulations does not equate to a constitutional violation," and the relevant inquiry is not whether the procedures complied with the requirements of prison regulations. Malik v. Kindt, No. 95-6057, 1996 WL 41828,*2 (10th Cir. Feb. 2, 1996) (quoting Hovater v. Robinson, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993)). Rather, as set out above, this Court's review of Petitioner's disciplinary proceeding is "limited to whether the three steps mandated by Wolff were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings." Mitchell, 80 F.3d at 1445. See also Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting generally that prison regulations do not confer protected liberty interests in the enforcement of those regulations); Kirkland v. Provience, No. 94-6245, 1995 WL 377088, *7 (10th Cir. Feb. 2, 1995) (regulations governing disciplinary proceedings do not generally create liberty interest in strict enforcement of those rules and failure to comply with such regulations is not a violation of due process). Thus, even if ODOC failed to strictly follow its own regulations with regard to the timing of Petitioner's hearing, that failure did not deprive Petitioner of due process. The same is true of ODOC's apparent effort to serve Petitioner with a duplicate offense report shortly before the July 2009 hearing, which Petitioner claims was done after ODOC realized that the hearing of the first offense report had not been conducted within the

7

normal time frame.[4]

## 2. The Opportunity to Present Documentary Evidence (Ground Two)

Petitioner also contends that he was denied the opportunity to present his written statement. However, the written statement did not concern the merits of the misconduct charge, but only Petitioner's claim that the hearing itself was untimely. Petition, Ex. H. The statement relates the procedural history of the offense charge, including the dates it was originally prepared and approved, and the preparation of a second offense report shortly before the hearing. Id. Both of the Investigator's Reports – the second of which Petitioner refused to sign – indicate that Petitioner did not wish to present witnesses and did not provide documentary evidence. Petition, Ex. A, p. 6 and Ex. G, p. 5. While prison officials must consider an inmate's request to call or confront a particular witness or provide documentary evidence on an individualized basis, "errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review." Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007) (quoting Grossman v. Bruce, 447 F.3d 801, 805 (10th Cir.2006)). Furthermore, a prisoner cannot maintain a due process claim for failure to permit witness testimony if he fails to show that the testimony "would have affected the outcome of his case." Chesson v. Jaquez, 986 F.2d 363, 366 (10th Cir.1993). Here, Petitioner's requested statement concerned only the alleged untimeliness of the

---

[4]Respondent attaches a memo to the motion to dismiss indicating that the delay was caused by transfer of Petitioner from one cell unit to another. Motion to Dismiss, Ex.2, p. 6 (each unit thought the other was processing the misconduct when in fact neither was doing so).

hearing, an issue that prison officials were obviously aware of, which was raised in both his facility and administrative review authority appeals, and which was rejected. Petition, Ex. C, p 2 and Ex. E, p. 1-2.

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that Petitioner's petition for a writ of habeas corpus be denied. In light of this recommendation, it is further recommended that Respondent's motion to dismiss [Doc. No. 9] be denied as moot. Petitioner is advised of the right to object to this Report and Recommendation by January 11, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72, by filing objections with the Clerk of Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

**ENTERED THIS 21st day of December, 2009.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE